IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNY AND MARY PRICE, and LETRENDA
M. CITIZEN,                                                                                    PLAINTIFFS,

VS.                                                              CIVIL ACTION NO. 4:05CV170-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY,
INC.; LEFLORE PROPERTIES, INC.; JIM
PRUETT; LINDA PRUETT; BANK OF
COMMERCE; STATE BANK & TRUST
COMPANY; PEOPLE'S CHOICE
FUNDING, INC. d/b/a PEOPLE'S CHOICE
HOME LOAN, INC.; and TERRY GREEN,                                          DEFENDANTS.

## FINAL JUDGMENT

These matters come before the court upon Defendant Coldwell Baker Real Estate Corporation's joinder [231] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [232] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all of the defendants which the court granted in part in its March 22, 2007 Order dismissing all of the plaintiff's claims against Defendants State Bank, Terry Green, and Bank of Commerce without prejudice and compelling those claims to binding arbitration. Upon due consideration of the remaining defendants' joinders, the court finds as follows, to-wit:

The court observed in its March 22, 2007 Order that: "although State Bank moves to compel arbitration against all defendants on the same basis [*i.e.*, pursuant to *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000)], State Bank does not have standing to move for the other

1

defendants. At this time, only defendants Bank of Commerce and Terry Green have joined in State Bank's motion to compel. Until the other defendants do so, only the claims against State Bank, Bank of Commerce, and Terry Green may be compelled to arbitration."

Thus, the court already indicated that its March 22, 2007 ruling would apply to all of the defendants in this action pursuant to *Grigson*. Since the remaining defendants have filed joinders, the court concludes that all of the plaintiffs' claims against all of the defendants should be dismissed without prejudice and sent to binding arbitration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pursuant to Defendant Coldwell Baker Real Estate Corporation's joinder [231] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [232] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all of the defendants which the court granted in part in its March 22, 2007 Order dismissing all of the plaintiff's claims against Defendants State Bank, Terry Green, and Bank of Commerce without prejudice and compelling those claims to binding arbitration. the court concludes:

(1) For the same reasons discussed in the court's March 22, 2007 Order, which the court adopts and incorporates herein, all of the plaintiffs' claims against all of the remaining defendants in this action should be **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**; therefore,

(2) This case is **CLOSED**.

**SO ORDERED** this the 21st day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE